In Equity.

W. R. Lynn Shoe Company

*vs.*

Lunn & Sweet Shoe Company.

Androscoggin.    Opinion May 8, 1911.

*Equity.   Right to Relief.   Adequate Legal Remedy.*

When a bill seeking an injunction, profits, and damages has gone to final decree, a bill subsequently filed, praying only for profits and damages alleged to have occurred after the accounting under the first bill, is not a supplemental, but an original bill, and as the complainant's remedy at law is plain, adequate and complete, must be dismissed.

In equity.   On report.   Bill dismissed.

July 15, 1903, the plaintiff filed its original bill in equity for an injunction, accounting, etc., against the defendant then known as the Auburn-Lynn Shoe Company, its corporate name since that time having been changed to that of Lunn & Sweet Shoe Company, and the cause eventually came before the Law Court and a decision thereon was rendered, which is reported in 100 Maine, 461, under the title " *W. R. Lynn Shoe Company* v. *The Auburn-Lynn Company et als.*," and reference to that report is made for a statement of the original contentions between the parties.    Also see *W. R. Lynn Shoe Company* v. *The Auburn-Lynn Shoe Company*, 103 Maine, 334, which is the same cause reported to the Law Court on questions arising after the aforesaid decision.    After the decision reported in 103 Maine, 334, the master's report was recommitted solely, however, "for further hearing and report upon the question of what damages, if any, should be awarded to the plaintiff for the losses in its own business, in the production and sale

of its own goods, caused by the wrongful acts of the defendants,"
and after such hearing the master filed a second report which was
accepted. A final decree was then entered, "ordering the defendant
company to pay to the plaintiff the sum of $7424.53 and taxable
costs, and on August 4, 1909, the sum of $7974.13 was received by
said plaintiff corporation, in accordance with the terms of said
decree." The master's report covered the period between July
9, 1903, and January 15, 1906, the date when the decree on
the original bill was filed enjoining the defendant and appoint-
ing a master. April 1, 1910, the plaintiff filed the bill under
consideration in the present cause, praying that "an account may
be taken of all the profits of said business from said fifteenth day of
January, 1906, resulting from the wrongful acts committed by the
defendant company in its unfair competition with the plaintiff,"
etc. The defendant filed an answer with a demurrer therein
inserted. The case was then reported to the Law Court for
decision.

The pith of the case is stated in the opinion.

*Harry Manser*, for plaintiff.

*John A. Morrill*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING,
BIRD, JJ.

BIRD, J. The bill of complaint is endorsed "supplemental bill"
but contains no allegation that it is filed by way of supplement to
the original bill referred to therein. After careful consideration,
we conclude that we must treat it as an original bill and that as such
it is demurrable. It seeks an account of damages and profits inde-
pendently of any other ground of equity jurisdiction, such as
discovery or injunction. It alleges no fraud, no fiduciary relations,
no mistake and asks no declaration or establishment of rights or
liabilities. The rights of the plaintiff have already been defined by
the decree upon the original bill. For profits and damages the
remedy of plaintiff at law is plain, adequate and complete. *Titcomb*
v. *McAllister*, 77 Maine, 353, 357-358 ; *Piscataqua, etc., Ins. Co.*

v. *Hill*, 60 Maine, 178, 184; *Caleb* v. *Hearn*, 72 Maine, 231, 232; *Crooker* v. *Rogers*, 58 Maine, 339; *Root* v. *Railway Co.*, 105 U. S. 189; *Haywood* v. *Andrews*, 106 U. S. 672, 678.

If it is desirable for plaintiff to obtain redress for violation of the injunction granted upon the original bill, such may be obtained upon proper proceedings therefor: See Spell. on Inj. &c., §1098.

*Demurrer sustained.*

*Bill dismissed with costs.*